# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ESTER BURNETT,
CDCR #V-35245,

                                    Plaintiff,

                    vs.

DUGAN, Medical Officer, et al.,

                                    Defendants.

Civil No.     08-1324 L (LSP)

**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(c)(3) AND 28 U.S.C. § 1915(d)**

## I.      Procedural History

Plaintiff, a state inmate currently incarcerated at Centinela State Prison, located in Imperial, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on July 22, 2008.  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  On September 29, 2008, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted.  (*See* Sept. 29, 2008 Order at 6-7.)  Nonetheless, the Court granted Plaintiff forty five days to submit a First Amended Complaint correcting the deficiencies of pleading noted in the Court's Order.  (*Id*. at 7.)  The Court later granted Plaintiff an extension of time to file a First Amended Complaint.  (*See* Nov. 18, 2008 Order at 2.)  On November 24, 2008, Plaintiff filed his First Amended Complaint ("FAC").

1    **II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

2          As the Court stated in its previous Order, the Prison Litigation Reform Act obligates the

3    Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are

4    "incarcerated or detained in any facility [and]   accused of, sentenced for, or adjudicated

5    delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial

6    release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C.

7    §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss

8    prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious,

9    fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C.

10   §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

11   (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

12         Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

13   dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28

14   U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit

15   make and rule on its own motion to dismiss before directing that the Complaint be served by the

16   U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,

17   but requires a district court to dismiss an in forma pauperis complaint that fails to state a

18   claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

19   § 1915A).

20         Here, the Court finds that Plaintiff's Eighth Amendment claims in his First Amended

21   Complaint survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b),

22   and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf.  *See*

23   *Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and

24   serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that

25   "service be effected by a United States marshal, deputy Untied States marshal, or other officer

26   specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis*

27   pursuant to 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening

28   and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6)

motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**III.   Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.   The United States Marshal shall serve a copy of the First Amended Complaint and summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

2.   Defendants are thereafter **ORDERED** to reply to the First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3.   Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  December 10, 2008

M. James Lorenz
United States District Court Judge