# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ESTER BURNETT,
CDCR #V-35245,

                                  Plaintiff,

            vs.

DUGAN; KINJI L. HAWTHORNE;
BROWN; FRAZE; D. KHATRI;
VICTOR ALMAGER; BARRERAS,

                                  Defendants.

Civil No.    08-1324 L (PCL)

**ORDER DENYING  PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION PURSUANT
TO FED.R.CIV.P. 65**

**[Doc No. 45]**

## I.    PROCEDURAL HISTORY

Currently before the Court is Plaintiff's Motion for Emergency Restraining Order and Preliminary Injunctive Relief pursuant to FED.R.CIV.P. 65 [Doc No. 45].

Ester Burnett ("Plaintiff"), is a prisoner proceeding *in pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.   Among the allegations in his Complaint, Plaintiff claims that prison officials at California State Prison, Centinela ("CEN") have violated his Eighth Amendment rights by failing to provide him with adequate medical care and failing to accommodate his disability.  The Court sua sponte screened Plaintiff's Complaint and initially dismissed it for failing to state a claim upon which § 1983 relief could be granted.  (*See* Sept.

08cv1324

29, 2008 Order at 6-7.)  Plaintiff filed his First Amended Complaint ("FAC") on November 24, 2008 [Doc. No. 11].  The Court once again screened Plaintiff's FAC and found that the allegations in Plaintiff's FAC survived the sua sponte screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  (*See* Dec. 10, 2008 Order at 2.)  The Court further found that Plaintiff was entitled to U.S. Marshal service on his behalf.  (*Id.*)

On March 19, 2009, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 25].   The Court deemed Plaintiff's motion as a motion for preliminary injunction and issued a briefing schedule. After reviewing all documents submitted by both parties, the Court found that Plaintiff was able to show that he was exposed to irreparable harm and ordered Defendants to comply with medical directions issued by Samuel Ko, M.D. on January 21, 2009.  (*See* May 6, 2009 Order at 8.)

Plaintiff was later transferred to California State Prison, Sacramento.  (*See* Notice of Change of Address, Doc. No. 37).  On August 5, 2009, Plaintiff filed another request for "Emergency Order Granting Temporary Restraining Order" to which Defendants filed a response on August 31, 2009.

## II.   FACTUAL ALLEGATIONS

In his most recent motion, Plaintiff claims that prison officials at California State Prison, Sacramento ("CSP-SAC") have failed to follow his medical chronos and he has been denied adequate law library access.  (Pl.'s Mot. for TRO at 1-4.)

## III.   LEGAL STANDARD

In order to demonstrate the need for preliminary injunctive relief a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009) (quoting *Winter v. NRDC, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008)).

/ / /

/ / /

1    **IV.   APPLICATION TO PLAINTIFF'S CASE**

2         Under the first test for a preliminary injunction, the moving party must demonstrate "high

3    probability of success on the merits" of the case.  *See Associated Gen. Contractors of California,*

4    *Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991).

5         Here, Plaintiff claims that he does not have adequate access to the prison law library at

6    CSP-SAC.  To the extent that Plaintiff may or may not have an access to courts claim against

7    individuals at CSP-SAC, he would have to bring those claims in a separate action after he

8    properly exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e.  He could not

9    bring an access to courts claim in this action as that cause of action has arisen after he filed his

10   Complaint.  Even if Plaintiff were able to bring such a claim in this action, he has failed to state

11   an access to courts claim.  In order to establish a violation of the right to access to the courts, a

12   prisoner must allege facts sufficient to show that:  (1) a nonfrivolous legal attack on his

13   conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he

14   has suffered an actual injury as a result.  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).  An

15   "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation,

16   such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.  Here, Plaintiff

17   has not shown any "actual injury" and even if he were able to show such an injury, he would

18   have to bring that claim in a separate action.

19        In addition, Plaintiff claims that prison officials at CSP-SAC have failed to provide him

20   with the amount of physical therapy required by Dr. Calvin which "presents a substantial risk

21   of permanent disability" and "permanent nerve damage."  (*See* Pl.'s Mot. at 3.)  In support of

22   their Opposition, Defendants submit the Declaration of Travis H. Calvin, M.D., who is the

23   physician that performed Plaintiff's back surgery and provided the initial housing

24   recommendations.  (*See* Defs.' Opp'n, Declaration of Travis H. Calvin, M.D.)   In this

25   Declaration, Dr. Calvin declares that he has been informed of Plaintiff's current housing

26   situation along with the amount of exercise Plaintiff is receiving at CSP-SAC.  (Travis Decl. at

27   ¶ 5.)  Dr. Calvin opines that Plaintiff's housing situation is "reasonable." (*Id.*) In addition, Dr.

28

08cv1324

1    Calvin disagrees with Plaintiff's assertions that he is at risk of suffering "permanent nerve

2    damage" or "permanent disability." (*Id.*)  Dr. Calvin states that Plaintiff is "progressing well

3    following his operation and I would not expect any risk of irreparable physical harm associated

4    with being assigned to the [Outpatient Housing Unit]." (*Id.*)

5           Having reviewed Plaintiff's application and supporting documents in support of his

6    request for a temporary restraining order and preliminary injunction, as well as Defendants'

7    Opposition and supporting documents, the Court finds that Plaintiff has failed to demonstrate

8    either an immediate, irreparable injury or a likelihood of success on the merits.   Accordingly,

9    based on the foregoing, the Court hereby **DENIES**, without prejudice,  Plaintiff's Motion for

10   Preliminary Injunction pursuant to FED. R. CIV. P. 65.

11   **V.      CONCLUSION AND ORDER**

12          Based on the foregoing, **IT IS HEREBY ORDERED** that:

13          Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is

14   **DENIED** without prejudice pursuant to Fed.R.Civ.P. 65 [Doc. No. 45].

15          **IT IS SO ORDERED.**

16   DATED:  September 8, 2009

17                                              _____

18                                              M. James Lorenz
                                                United States District Court Judge

19   COPY TO:

20   HON. PETER C. LEWIS
     UNITED STATES MAGISTRATE JUDGE
21

22   ALL PARTIES/COUNSEL

23

24

25

26

27

28