1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12

ESTER BURNETT,
CDCR #V-35245,

Civil No.    08cv1324 L (WVG)

13

Plaintiff,

14

vs.

15

DUGAN; KINJI L. HAWTHORNE;
BROWN; FRAZE; D. KHATRI;
VICTOR ALMAGER; BARRERAS,

16

17

Defendants.

**ORDER DENYING MOTION FOR
COURT TO RECONSIDER
DEFENDANTS' MOTION TO
DISSOLVE PRELIMINARY
INJUNCTION**

**[Doc No. 79]**

18
19

**I.    PROCEDURAL HISTORY**

20

Currently before the Court is Plaintiff's Motion to Reconsider the Court's October 9,

21

2009 granting Defendants' Motion to Dissolve the Court's May 6, 2009 Order granting a

22

preliminary injunction [Doc. No 79].

23

Ester Burnett ("Plaintiff"), is a prisoner proceeding *in pro se* and *in forma pauperis*

24

pursuant to 42 U.S.C. § 1983.   Among the allegations in his Complaint, Plaintiff claims that

25

prison officials at California   State Prison, Centinela ("CEN") have violated his Eighth

26

Amendment rights by failing to provide him with adequate medical care and failing to

27

accommodate his disability.  The Court sua sponte screened Plaintiff's Complaint and initially

28

dismissed it for failing to state a claim upon which § 1983 relief could be granted.  (*See* Sept.

29, 2008 Order at 6-7.)  Plaintiff filed his First Amended Complaint ("FAC") on November 24, 2008 [Doc. No. 11].  The Court once again screened Plaintiff's FAC and found that the allegations in Plaintiff's FAC survived the sua sponte screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  (*See* Dec. 10, 2008 Order at 2.)  The Court further found that Plaintiff was entitled to U.S. Marshal service on his behalf.  (*Id.*)

On March 19, 2009, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 25].  The Court deemed Plaintiff's motion as a motion for preliminary injunction and issued a briefing schedule.  Defendants were directed to file a response to Plaintiff's Motion. (*See* Mar. 23, 2009 Order at 1.)  Defendants' filed their response to Plaintiff's Motion on April 13, 2009 [Doc. No. 29].  The Court permitted Plaintiff to file a response to Defendants' Opposition [Doc. Nos. 31, 33].

The Court granted Plaintiff's request for injunctive relief and ordered Defendants to "comply with the Medical Directions issued by Samuel Ko, M.D. on June 21, 2009 directing Plaintiff to be issued a single bed in a single cell without any overhead bunk or any overhead obstruction due to Plaintiff's medical condition."  *See* May 6, 2009 Order at 8.

Defendants then filed a Motion to Dissolve the Preliminary Injunction. The Court granted Defendants' Motion on October 9, 2009.  Plaintiff has now filed a Motion for Reconsideration of the Court's Order.

## II.    Plaintiff's Motion for Reconsideration

### A.    Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1]  However, a motion for reconsideration may be  construed as a motion to alter

---

[1]  However, Local Rule 7.1(i) does permit motions for reconsideration.  Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*  Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

1    or amend judgment under Rule 59(e) or Rule 60(b).[2]  *See Osterneck v. Ernst & Whinney*, 489

2    U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir.

3    1994).  In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered

4    a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a

5    decision on the merits.'"  *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*,

6    455 U.S. 445, 451 (1982)).  Under Rule 59(e), "[r]econsideration is appropriate if the district

7    court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

8    decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There

9    may also be other, highly unusual, circumstances warranting reconsideration."  *School Dist.*

10   *No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

11        The preliminary injunction was initially issued out of concerns that Defendants were

12   disregarding the instructions of Plaintiff's medical doctors.  When Plaintiff filed his original

13   Motion for Preliminary Injunction, he  attached two medical "chronos" to his Motion that were

14   dated January 21, 2009 and signed by Samuel Ko, M.D.  (*See* Pl.'s Mot. for Pre. Inj,. Doc. No.

15   25, Exhibit "A.")  These chronos stated "[Plaintiff] is to be in a single cell bed in General

16   Population because of a medical condition," and "[Plaintiff] requires a medical accommodation

17   for single bed without overhead bunk or any overhead obstruction due to medical condition."

18   (*Id.*)  In addition, Plaintiff attached a "Comprehensive Accommodation Chrono" which appears

19   to be signed by a "Davenport," dated February 6, 2009 with the handwritten notes "single bunk -

20   no overhead objections - i.e. upper bunk."  (*See Id.*, Exhibit "B.")  Plaintiff alleged in his Motion

21   that these chronos were issued following the medical recommendations of Dr. Calvin who was

22   the Doctor who performed Plaintiff's back surgery.

23        Defendants later filed a Motion to Dissolve the Preliminary Injunction.  When they filed

24   this Motion, they included the Declaration of Dr. Calvin, whom they consulted, to determine the

25

26        [2]  Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment."
     FED.R.CIV.P. 59(e).  Under Rule 60(b), however, a motion for "relief from judgment or order" may be
27   filed within a "reasonable time," but usually must be filed "not more than one year after the judgment,
     order, or proceeding was entered or taken."  FED.R.CIV.P. 60(b).  Reconsideration may be granted in
28   the case of:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence;
     or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other
     reason justifies relief.  FED.R.CIV. P. 60(b).

appropriate housing and accommodations for Plaintiff.  Dr. Calvin opined that Plaintiff's housing situation at the time his declaration was filed was "sufficient."  *See* Calvin Decl. 5(a)-(d), Doc. No. 49-3.  One of the issues for Plaintiff was the need to be housed in a cell without "any overhead obstruction."  *Id.*  Dr. Calvin opined that as long as Plaintiff was housed under the conditions as described to him by prison officials, these conditions would not cause "any risk of irreparable physical harm."  *Id.* at ¶ 5(d).

In the current Motion for Reconsideration, Plaintiff claims that prison officials at Pleasant Valley State Prison are "considering putting the upper bunk back in Plaintiff's cell."  *See* Pl.'s Mot. at 1.  While this is too speculative for the Court to reach the conclusion that the preliminary injunction should be reinstated, the Court reminds Defendants to be mindful of the facts they submitted in support of their Motion to Dissolve the Preliminary Injunction.  If Plaintiff is able to demonstrate facts at a later date which show that he is being  housed under conditions that differ from those that Defendants represented to the Court and were prescribed by Dr. Calvin, the Court will permit Plaintiff to file another Motion for Preliminary Injunction.  The previous injunction was dissolved based on representations that Defendants were complying, and would continue to comply, with the medical recommendations of the Doctors treating Plaintiff.  At this time, there are insufficient facts in Plaintiff's Motion by which the Court could find that Defendants are not complying the Dr. Calvin's housing recommendations.

Accordingly, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand  reconsideration of the Court's Order.  *School Dist. No. 1J*, 5 F.3d at 1263.

**III.   Conclusion and Order**

Based on the foregoing, Plaintiff's Motion for Reconsideration is **DENIED.** [Doc. No. 79].

        **IT IS SO ORDERED.**

DATED:  November 16, 2009

M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. WILLIAM V. GALLO
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28