

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ESTER BURNETT,
CDCR #V-35245,

                                        Plaintiff,

            vs.

DUGAN; KINJI L. HAWTHORNE;
BROWN; FRAZE; D. KHATRI;
VICTOR ALMAGER; BARRERAS,

                                        Defendants.

Civil No.    08-1324 L (WVG)


**ORDER DENYING  PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION**


**[Doc No. 91]**

I.    **PROCEDURAL HISTORY**

        Currently before the Court is Plaintiff's Motion for Emergency Restraining Order and
Preliminary Injunctive Relief pursuant to FED.R.CIV.P. 65 [Doc No. 91].

        Ester Burnett ("Plaintiff"), is a prisoner proceeding *in pro se* and *in forma pauperis*
pursuant to 42 U.S.C. § 1983.   Among the allegations in his Complaint, Plaintiff claims that
prison officials at California State Prison, Centinela ("CEN") have violated his Eighth
Amendment rights by failing to provide him with adequate medical care and failing to
accommodate his disability.  The Court sua sponte screened Plaintiff's Complaint and initially
dismissed it for failing to state a claim upon which § 1983 relief could be granted.  (*See* Sept.

29, 2008 Order at 6-7.)  Plaintiff filed his First Amended Complaint ("FAC") on November 24, 2008 [Doc. No. 11].  The Court once again screened Plaintiff's FAC and found that the allegations in Plaintiff's FAC survived the sua sponte screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  (*See* Dec. 10, 2008 Order at 2.)  The Court further found that Plaintiff was entitled to U.S. Marshal service on his behalf.  (*Id.*)

On March 19, 2009, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 25].   The Court deemed Plaintiff's motion as a motion for preliminary injunction and issued a briefing schedule. After reviewing all documents submitted by both parties, the Court found that Plaintiff was able to show that he was exposed to irreparable harm and ordered Defendants to comply with medical directions issued by Samuel Ko, M.D. on January 21, 2009.  (*See* May 6, 2009 Order at 8.)

Plaintiff was later transferred to California State Prison, Sacramento.  (*See* Notice of Change of Address, Doc. No. 37).  On August 5, 2009, Plaintiff filed another request for "Emergency Order Granting Temporary Restraining Order" to which Defendants filed a response on August 31, 2009.  The Court denied this Motion on September 8, 2009.

Plaintiff has now been transferred to Pleasant Valley State Prison on September 28, 2009. (*See* Pl.'s Decl. at 2.)  He has filed another "Motion for Emergency Preliminary Injunction" [Doc. No. 91] in which he seeks to enjoin prison officials at Pleasant Valley State Prison.

## II.   FACTUAL ALLEGATIONS

In his most recent motion, Plaintiff claims that prison officials at Pleasant Valley State Prison, none of whom are Defendants in this action, have failed to comply with medical orders issued by his Neurosurgeon, Dr. Calvin.

## III.   LEGAL STANDARD

In order to demonstrate the need for preliminary injunctive relief a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

08cv1324 L (WVG)

K:\COMMON\EVERYONE\_EFILE-PROSE\L\08cv1324-Deny Prelim Inj #2.wpd, 31810

1    public interest." *Stormans, Inc. v. Selecky*, 572 F.3d 960, 978 (9th Cir. 2009) (quoting *Winter*

2    *v. NRDC, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008)).

3          However, in order for this Court to consider Plaintiff's request for a preliminary

4    injunction it must first consider whether the Court has personal jurisdiction over the parties. "A

5    federal court may issue an injunction it is has personal jurisdiction over the parties and subject

6    matter jurisdiction over the claim; it may not attempt to determine the rights of persons not

7    before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.

8    1985). Plaintiff is attempting to enjoin parties who are alleged to reside at Pleasant Valley State

9    Prison which is not within this Court's jurisdictional boundaries nor are these parties named as

10   Defendants in this matter.

11         Accordingly, because the Court has no personal jurisdiction over the parties Plaintiff

12   seeks to enjoin, the Court hereby **DENIES**, without prejudice,  Plaintiff's Motion for

13   Preliminary Injunction.  *See Grigsby v. CMI Corp*., 765 F.2d 1369, 1372, n.5 (9th Cir. 1985).

14   The Court also cautions Plaintiff that he cannot bring these new claims or new Defendants in the

15   action currently before the Court as he could not have exhausted these claims prior to bringing

16   this action.  The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall

17   be *brought* . . . until such administrative remedies as are available are exhausted."  42 U.S.C.

18   § 1997e(a) (emphasis added).  The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d

19   1198 (9th Cir. 2002)  holds that prisoners who are incarcerated at the time they file a civil action

20   which challenges the conditions of their confinement are required to exhaust "all administrative

21   remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

1   **IV.    CONCLUSION AND ORDER**

2          Based on the foregoing, **IT IS HEREBY ORDERED** that:

3          Plaintiff's Motion for an Emergency Preliminary Injunction is **DENIED** without

4   prejudice.  [Doc. No. 91].

5          **IT IS SO ORDERED.**

6   DATED:  March 18, 2010

7                                                    _____

8                                                    M. James Lorenz
                                                     United States District Court Judge

9   COPY TO:

10  HON. WILLIAM V. GALLO
    UNITED STATES MAGISTRATE JUDGE

11

12  ALL PARTIES/COUNSEL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv1324 L (WVG)