# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT,<br>CDCR #V-35245,<br><br>Plaintiff,<br><br>vs.<br><br>DUGAN; KINJI L. HAWTHORNE;<br>BROWN; FRAZE; D. KHATRI;<br>VICTOR ALMAGER; BARRERAS,<br><br>Defendants. | Civil No. 08-1324 L (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**[Doc No. 98]** |

## I. PROCEDURAL HISTORY

Currently before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunctive Relief pursuant to FED.R.CIV.P. 65 [Doc No. 98].

Ester Burnett ("Plaintiff"), is a prisoner proceeding *in pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Among the allegations in his Complaint, Plaintiff claims that prison officials at California State Prison, Centinela ("CEN") have violated his Eighth Amendment rights by failing to provide him with adequate medical care and failing to accommodate his disability. The Court sua sponte screened Plaintiff's Complaint and initially dismissed it for failing to state a claim upon which § 1983 relief could be granted. (*See* Sept.

29, 2008 Order at 6-7.) Plaintiff filed his First Amended Complaint ("FAC") on November 24, 2008 [Doc. No. 11]. The Court once again screened Plaintiff's FAC and found that the allegations in Plaintiff's FAC survived the sua sponte screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* Dec. 10, 2008 Order at 2.) The Court further found that Plaintiff was entitled to U.S. Marshal service on his behalf. (*Id.*)

On March 19, 2009, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 25]. The Court deemed Plaintiff's motion as a motion for preliminary injunction and issued a briefing schedule. After reviewing all documents submitted by both parties, the Court found that Plaintiff was able to show that he was exposed to irreparable harm and ordered Defendants to comply with medical directions issued by Samuel Ko, M.D. on January 21, 2009. (*See* May 6, 2009 Order at 8.) The Court later granted Defendants' Motion to Dissolve the Preliminary Injunction. (*See* Oct. 9, 2009 Order at 6.)

Plaintiff was later transferred to California State Prison, Sacramento. (*See* Notice of Change of Address, Doc. No. 37). On August 5, 2009, Plaintiff filed another request for "Emergency Order Granting Temporary Restraining Order" to which Defendants filed a response on August 31, 2009. The Court denied this Motion on September 8, 2009.

Plaintiff was then transferred to Pleasant Valley State Prison on September 28, 2009. (*See* Pl.'s Decl. at 2.) He filed another "Motion for Emergency Preliminary Injunction" [Doc. No. 91] in which he sought to enjoin prison officials at Pleasant Valley State Prison. The Court denied this Motion on March 18, 2010 [Doc. No. 93]. Plaintiff has, once again filed, a "Motion for a TRO and Preliminary Injunction." [Doc. No. 98]. Plaintiff is currently incarcerated at High Desert State Prison [Doc. No. 99].

## II. FACTUAL ALLEGATIONS

In his most recent motion, Plaintiff claims that he has been transferred to various prisons around California and all have failed to comply with medical orders issued by his Neurosurgeon, Dr. Calvin. While Plaintiff appeared to have been temporarily housed at the Richard J. Donovan

Correctional Facility ("Donovan") for a period of four days, he currently is housed at High Desert State Prison.

## III. LEGAL STANDARD

In order to demonstrate the need for preliminary injunctive relief a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 572 F.3d 960, 978 (9th Cir. 2009) (quoting *Winter v. NRDC, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008)).

However, in order for this Court to consider Plaintiff's request for a preliminary injunction it must first consider whether the Court has personal jurisdiction over the parties. "A federal court may issue an injunction if it is has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Plaintiff is seeking injunctive relief against parties who are not named in this action and not before this Court. The only named parties are individuals who are employed at Centinela State Prison. Plaintiff is seeking relief against individuals at a number of other prisons around the State of California but none of them are Defendants in this matter. While Donovan is located within the boundaries of this Court's jurisdiction, the Warden for Donovan is not a party to this action.

Accordingly, because the Court has no personal jurisdiction over the parties Plaintiff seeks to enjoin, the Court hereby **DENIES**, without prejudice, Plaintiff's Motion for Preliminary Injunction. *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372, n.5 (9th Cir. 1985).

The Court also cannot issue a Temporary Restraining Order ("TRO") as to the claims Plaintiff brings in his motion. The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is

not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). Here, Plaintiff cannot demonstrate a likelihood of success on the merits. The claims in his motion have all arisen after the filing of this action and are against new Defendants. Thus, Plaintiff could not have exhausted these claims prior to bringing this action. The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198. Thus, the Court DENIES Plaintiff's request for a TRO.

## IV. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for a TRO and Preliminary Injunction is **DENIED** without prejudice. [Doc. No. 98].

**IT IS SO ORDERED.**

DATED: July 6, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL