# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT, CDCR #V-35245,<br><br>Plaintiff,<br><br>vs.<br><br>DUGAN; KINJI L. HAWTHORNE; FRAZE; KHATRI; ALMAGER; BARRERAS; G.J. GIURBINO,<br><br>Defendants. | Civil No. 08cv1324 L (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO FED.R.CIV.P. 60**<br><br>**[Doc. No. 105]** |

On July 22, 2008, Plaintiff, an inmate currently incarcerated at High Desert State Prison located in Susanville, California and proceeding pro se, filed a civil action pursuant to 28 U.S.C. § 1983. On May 6, 2009, this Court granted Plaintiff's request for a preliminary injunction while he was still housed at Centinela State Prison. *See* May 6, 2009 Order at 8. Plaintiff notified the Court that he was then transferred to California State Prison, Sacramento on June 10, 2009. [Doc. no. 37]. On October 5, 2009, the Court granted Defendants' motion to dissolve the preliminary injunction. Plaintiff now objects to the Court's Order and seeks an Order reinstating the Court's May 6, 2009 Order.

### I.   PLAINTIFF'S MOTION FOR RELIEF FROM THE COURT'S JUDGMENT

#### A.   Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

#### B.   Discussion

Plaintiff's action involves alleged Eighth Amendment violations by medical staff and correctional officers while he was housed at Centinela State Prison ("Centinela"). On May 6, 2009, this Court granted Plaintiff's request for a preliminary injunction and ordered Defendants at Centinela to comply medical directions that had been issued by Dr. Samuel Ko. *See* May 6, 2009 Order at 8.

The Defendants later sought a dissolution of the Court's Order granting the preliminary injunction in part because Plaintiff was no longer housed at Centinela and they provided medical documentation indicating that Plaintiff's medical needs were being met. The Court granted Defendants' Motion and dissolved the preliminary injunction due to Plaintiff's failure to dispute Defendants' evidence and Plaintiff was now housed at a different prison. *See* Oct. 9, 2009 Order at 8.

Plaintiff argues that the Court lacked jurisdiction to dissolve the May 6, 2009 injunction because Plaintiff was housed outside the Court's jurisdiction when the Court dissolved the Order on October 9, 2009. While his arguments are far from clear, Plaintiff appears to claim that the Defendants in this matter, all of whom are Defendants at Centinela, "wrongfully enjoined" Defendants from the California State Prison in Sacramento when they sought to dissolve this injunction. *See* Pl.'s Mot. at 6.

When Plaintiff first argued for the preliminary injunction, he relied heavily on the medical opinion of his physician, Dr. Calvin. *See* Pl.'s Mot. for Prelim. Injunction, Doc. No. 25,

1  at 3-7. When Defendants sought to dissolve the injunction, they too submitted a Declaration by
2  Dr. Calvin indicating that Plaintiff's housing needs were being properly met while housed at
3  California State Prison in Sacramento. *See* Defs.' Mot. to Diss. Prelim. Inj., Decl. of Travis
4  Calvin, M.D., Doc. No. 56. The Court did not add any additional Defendants to this matter
5  when the Court dissolved Plaintiff's preliminary injunction and there was no legal justification
6  imposing a claim for injunctive relief on Defendants who no longer had a responsibility for
7  Plaintiff's medical needs as he was transferred to a different prison.

8  Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence,
9  has failed to show clear error or that the Court rendered a manifestly unjust decision, and has
10 further failed to identify any intervening changes in controlling law that would demand
11 reconsideration of the Court's October 9, 2009 Order.

## II.    Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from the Court's October 9, 2009 Order [Doc. No. 105] pursuant to FED.R.CIV.P. 60(b) is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 23, 2010

_____
M. James Lorenz
United States District Court Judge