1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
                                                 Civil No. 08cv1324 L(WVG)
11   ESTER BURNETT,                       )
                                          )       **ORDER ADOPTING IN PART REPORT;**
12                  Plaintiff,            )       **GRANTING MOTION TO DISMISS**
                                          )       **UNEXHAUSTED CLAIM [doc. #87]and**
13   v.                                   )       **MOTION TO DISMISS SAC [doc. #88];**
                                          )       **REFERRING MOTION FOR LEAVE TO**
14   DR. DUGAN, *et al.*,                 )       **FILE A SUPPLEMENTAL COMPLAINT**
                                          )       **TO MAGISTRATE JUDGE [doc. #89];**
15                  Defendants.           )       **DENYING MOTION TO FILE LATE**
                                          )       **RESPONSE TO MOTION TO DISMISS**
16   _____         )       **[doc. #113]**

17        Plaintiff, appearing *pro se*, filed a second amended complaint on November 10, 2009,

18   alleging violation of his Eighth Amendment rights based upon accommodations to plaintiff's

19   medical condition that were denied or delayed.  The SAC names Doctors Dugan, Hawthorne,

20   Barreras, Fraze, and Khatri; Jane Doe, R.N., Victor Almager, and G.J. Giurbino[1] as defendants.

21   Defendants filed a motion to dismiss the SAC for failure to exhaust his administrative remedies

22   and a motion to dismiss for failure to state a claim under the Eighth Amendment.  Rather than

23   respond to defendants' motions to dismiss,[2] plaintiff filed a motion to file a supplemental

24

25        [1]      Defendants G.J. Guirbino and Jane Doe, R.N. have not been served with the
     complaint or any amended complaints in this action.  They are therefore dismissed from this
26   action without prejudice.

27        [2]      On August 23, 2010, plaintiff filed a motion to file a late "answer" to defendants'
     motion to dismiss the SAC.  Because plaintiff has filed lengthy objections to the Report's
28   recommendation concerning the SAC, the Court will deny this motion.

1   complaint.  Defendants opposed plaintiff's motion and plaintiff has replied.

2        The case was referred to United States Magistrate Judge William V. Gallo for a report

3   and recommendation ("Report") in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local

4   Rule 72.3.  The magistrate judge recommended that both of defendants' motions to dismiss be

5   granted and plaintiff's motion to file a supplemental complaint be denied.  Plaintiff filed

6   objections to the Report and defendants filed a response to plaintiff's objections.

7        The district court's role in reviewing a Magistrate Judge's report and recommendation is

8   set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the district court "shall make a *de novo*

9   determination of those portions of the report . . . to which objection is made," and "may accept,

10  reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

11  judge."  *Id.*  Under this statute, "the district judge must review the magistrate judge's findings

12  and recommendations de novo  if objection is made, but not otherwise."  *United States v.*

13  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) ( *en banc*), *cert. denied*, 124 S. Ct. 238 (2003).

14  **1.    Background**

15       Plaintiff's complaint alleges defendants were deliberately indifferent to his medical needs

16  in that he received inadequate medical care from various health care providers while

17  incarcerated at both the Richard J. Donovan Correctional Facility ("Donovan") and at the

18  Centinela State Prison ("CEN").  Plaintiff has lumbar disk disease that ultimately required

19  surgery.  His back problems include mobility impairment to his lower extremities.   Plaintiff

20  contends that while incarcerated at RJD, Dr. Dugan, a staff physician, and Dr. Hawthorne, Chief

21  Medical Officer and Dr. Dugan's supervisor, failed to assign plaintiff lower tier housing in

22  contravention of a prior doctor's recommendation.

23       Plaintiff was transferred to CEN where Doctors Fraze, Khatri and Barreras were assigned.

24  Dr. Calvin, an outside neurosurgeon, also was involved in plaintiff's medical care and performed

25  surgery on plaintiff's back on June 27, 2008.  While in CEN, plaintiff contends the physician

26  defendants were deliberately indifferent by failing to provide him with a raised toilet seat

27  following the surgery; he was removed from the Disability Placement Program ("DPP"), and

28  there was a delay in transferring him from a general population lower bunk to the Correctional

08cv1324

1    Treatment Center, a prison health care facility, which was ADA accessible.

2         The SAC also alleges that Victor Almager, the Warden of CEN and G.J. Giurbino, the

3    prior warden of CEN, violated his rights when plaintiff was not provided with an extra mattress

4    based on prison policy.

5    **2.    Motion to Dismiss for Failure to Exhaust Administrative Remedies**

6         It is well established that under the Prison Litigation Reform Act of 1995, prisoners are

7    required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549

8    U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). 42 U.S.C.

9    § 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under

10   which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549

11   U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants move to

12   dismiss a claim raised in the SAC that was not properly exhausted, *i.e.,* that defendants Barreras,

13   Fraze and Khatri were deliberately indifferent to his medical needs when they refused to provide

14   a raised toilet seat following plaintiff's back surgery.

15        The administrative grievance system for prisoner complaints provides for four levels of

16   appeal: the informal level, first formal level, second formal level, and third formal level, also

17   known as the "Director's Level." Appeals must be submitted within fifteen working days of the

18   event being appealed, and the process is initiated by submission of the appeal to the informal

19   level, or in some circumstances, the first formal level. In order to satisfy 42 U.S.C. § 1997e(a),

20   California state prisoners are required to use this process to exhaust their claims prior to filing

21   suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).

22        In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court

23   may look beyond the pleadings and decide disputed issues of fact. *Wyatt v. Terhune*, 315 F.3d

24   1108, 1119-20 (9th Cir. 2003).

25        Using CDC Form 1824, plaintiff requested a raised toilet seat on July 5, 2008. On

26   August 4, 2008, Dr. Khatri, as the First Level Reviewer, denied plaintiff's request finding that

27   there was no medical indication for the request. (SAC, Doc. # 83-2 at 40.) There are no records

28   demonstrating that plaintiff ever appealed the issue to any further levels of review.

08cv1324

In objecting to the Report that found plaintiff had not exhausted this claim, plaintiff argues that: 'the issue of raised toilet seat was addressed at the 3rd level of appeals (see Page 2 of Exhibit C last paragraph last sentence) as a related health care appliance." Objection at 13, ¶ 79.   Plaintiff points to the Director's Level Decision dated October 13, 2009 to show that an appeal of the raised toilet seat was considered in the consolidated appeal.  Plaintiff's characterization does not accurately reflect the record.  The raised toilet seat request was issued an Institution Log No. CEN-A-08-00857 but the Director's Level Decision concerned five other appeals: CEN-29-08-11666; CEN-29-08-11854; CEN-29-09-10331; CEN-29-09-10018; and SAC-10-09-11528.  It is beyond dispute that the raised toilet seat appeal was not addressed in the Director's Level Decision.

Defendants have met their burden to show plaintiff has not exhausted his administrative remedies as to the claim of a raised toilet seat and plaintiff has not offered any evidence to rebut this conclusion.  There is no documentation that plaintiff took the specific issue of a raised toilet seat to any appeal level after Dr. Khatri denied the request on August 4, 2008.

Accordingly, the Court overrules plaintiff's objection to the magistrate judge's Report that plaintiff failed to exhaust administrative remedies and the claim will be dismissed.

**3.      Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

As noted above, plaintiff contends defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  In the Report, the magistrate judge recommended that the SAC be dismissed in its entirety because certain defendants acted only in a supervisory capacity and plaintiff failed to adequately allege facts pointing to deliberate indifference on the part of defendants.  Plaintiff objects to the Report by generally relying on Federal Rule of Civil Procedure 8 and his *pro se* status.  But plaintiff does not object to the dismissal without prejudice of the unserved defendants, Jane Doe, R.N. and G.J. Guirbino.  Objection at 15, ¶ 92.

**A.      Legal Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Federal Rule of Civil Procedure 8(a) requires a

08cv1324

1   complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

2   to relief . . . ." FED. R. CIV. P. 8(a).   "While a complaint attacked by a Rule 12(b)(6) motion to

3   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds

4   of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

5   of the elements of a cause of action will not do.  Factual allegations must be enough to raise a

6   right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

7   (2007) (internal quotation marks, brackets and citations omitted).

8       In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of

9   all factual allegations and must construe them in the light most favorable to the nonmoving

10   party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions

11   need not be taken as true merely because they are cast in the form of factual allegations.  *Roberts*

12   *v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618,

13   624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are

14   not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696,

15   699 (9th Cir. 1998).  A *pro se* plaintiff's pleadings are read liberally.  *Hebbe v. Pliler,* 2010 WL

16   2947323 *3 (9th Cir. July 29, 2010)

17       In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond

18   the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition

19   to a defendant's motion to dismiss or other submissions.   *United States v. Ritchie*, 342 F.3d 903,

20   908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2

21   MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take

22   into account additional facts asserted in a memorandum opposing the motion to dismiss, because

23   such memoranda do not constitute pleadings under Rule 7(a).").

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

08cv1324

**B.       Eighth Amendment Claim and Supervisory Liability**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "wanton infliction of unnecessary pain." *Id.* A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Claims that the prison official was negligent or even grossly negligent are insufficient to establish a constitutional violation. *Estelle*, 429 U.S. at 106.

In this case, plaintiff seeks to hold several defendants liable under Section 1983 on a theory of supervisory liability. Supervisors can only be held liable under Section 1983 for the actions of their subordinates for their own culpable action or inaction in the training, supervision, or control of subordinates, for their acquiescence in the constitutional deprivation of which a complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. *See Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). For liability to exist, the supervisor must have been personally involved in the constitutional deprivation or a sufficient causal connection must exist between the supervisor's unlawful conduct and the constitutional violation. *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir.2001). There is no "vicarious liability" under Section 1983. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

**C.       Allegation Against the RJD Defendants**

**1.       Defendant Dugan**

Plaintiff asserts that defendant Dugan, as his primary care physician, did not follow a prior doctor's recommendations by failing to provide him access to lower-tier housing which caused plaintiff severe pain. Before his transfer to RJD, Dr. Griffin noted on a DPPV form that

08cv1324

1   plaintiff had a lower extremity mobility impairment requiring relatively level terrain.  Once at

2   RJD, Dr. Dugan physically examined plaintiff, reviewed the Disability Placement Program

3   Verification ("DPPV") form and his medical record and determined that there was not a "no

4   stairs" housing restriction indicated.  But Dr. Dugan provided plaintiff with a lower bunk

5   assignment, pain medications and a referral for physical therapy consistent with Dr. Griffin's

6   DPPV notes.

7        In his objections, plaintiff provides an additional exhibit, no. 50, but it does not strengthen

8   his claim as he suggests.  The January 10, 2006 letter from Dr. Bruce Faecher does not state that

9   plaintiff required no stairs but merely states "Referral to a level institution to reduce aggravation

10  of symptoms."   Objections to Report, Exh. 50.

11       Viewing the allegations with extreme liberality, plaintiff has not alleged facts sufficient to

12  show deliberate indifference on the part of defendant Dugan.  Here defendant Dugan response to

13  plaintiff's medical condition does not even reach a negligence standard.  Plaintiff's objections

14  are overruled and Dr. Dugan will be dismissed with prejudice.

15                    **2.    Dr. Hawthorne**

16       While a RJD, Dr. Hawthorne was the second level reviewer of plaintiff's appeal

17  concerning Dr. Dugan's failure to provide no-stairs housing.  When a named defendant holds a

18  supervisory position, the causal link between him and the claimed constitutional violation must

19  be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v.*

20  *Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978). Here, plaintiff has failed to allege facts

21  demonstrating a causal link between the actions of Dr. Hawthorne and any constitutional

22  violation.  Plaintiff merely alleges that defendant Hawthorne was aware of plaintiff's serious

23  medical needs and caused him pain by denying lower tier housing in his review of Dr. Dugan's

24  response to plaintiff's request.  Such an allegation is an insufficient basis for liability under §

25  1983 particularly when the claim for no-stair housing does not rise to a constitutional violation.

26  Accordingly, the court concludes that plaintiff has failed to state a cognizable claim against

27  defendant Hawthorne, plaintiff's objection is overruled and Dr. Hawthorne will be dismissed

28  with prejudice.

08cv1324

1

### D.  Allegation Against the CEN Defendants

2

#### 1.  Dr. Barreras

3   Dr. Barreras is a physician and the Chief Medical Officer at Centinela State Prison.

4   Plaintiff contends that Dr. Barreras reviewed plaintiff's grievances and failed to overrule Dr.

5   Khatri's recommendation to place plaintiff in a general housing assignment.  In his SAC,

6   plaintiff clearly indicates that Dr. Barreras is being sued under a theory of respondeat superior,

7   *i.e.,* vicarious liability:  "Dr. Barreras did not commit the cruel and unusual punishment . . . she

8   became responsible for them when she failed to correct them in the course of her supervisory

9   responsibilities."  SAC at 10.  In his objections, plaintiff contends that as a supervisor, Dr.

10  "Barreras knew of the violations and failed to correct them."  Objection at 10.

11   "Government officials may not be held liable for the unconstitutional conduct of their

12  subordinates under a theory of respondeat superior."  *Iqbal*, 129 S. Ct. at 1948.  Instead, each

13  government official, regardless of his or her title, is only liable for his or her own misconduct;

14  therefore, Plaintiff must allege with some facts that each defendant, through his or her own

15  individual actions, violated Plaintiff's constitutional rights.  *Id.* at 1948-49.

16   Because Dr. Barreras was not personally involved in the alleged constitutional

17  deprivation and plaintiff does not suggest a causal connection between her conduct and the

18  alleged constitutional violation, plaintiff fails to state a claim against Dr. Barreras.  Further,

19  plaintiff's allegations against Dr. Barreras are conclusory in that they lack any factual basis.

20  Even reviewing plaintiff's allegations broadly, plaintiff has failed to allege an Eighth

21  Amendment deliberate indifference claim against Dr. Barreras.

22   The Court overrules plaintiff's objection and will dismiss with prejudice Dr. Barreras

23  from this action.

24

#### 2.  Dr. Fraze

25   Dr. Fraze is a physician at CEN who examined plaintiff and provided him with

26  medication and arranged for housing in the prison infirmary.  Plaintiff contends that Dr. Fraze

27  refused to provide him with a raised toilet seat: "Plaintiff is asserting a claim that Dr. Fraze,

28  directly contravened medical orders & recommendations of an appropriate specialist &

08cv1324

neurosurgeon Dr. Calvin . . . ."  Objection at 12.  As discussed above, plaintiff has not exhausted his administrative remedies with respect to this as to the raised toilet seat claim.

With respect to other accommodations plaintiff sought post-surgery, Dr. Fraze examined plaintiff and provided a 90-day no work assignment, prison authority tennis shoes and a temporary lower-tier, bottom bunk assignment as an accommodation.  Given the accommodations and medical examinations provided by Dr. Fraze, the Court concludes that plaintiff has not alleged a level of deliberate indifference constituting a violation of the Eighth Amendment.

Plaintiff's objection is overruled and Dr. Fraze will be dismissed from the action without prejudice.

### 3.     Dr. Khatri

Dr. Khatri was a primary care physician at CEN who examined plaintiff on at least three occasions, consulted with Dr. Calvin, an outside specialist and neurosurgeon, and determined that plaintiff could be housed in general population without accommodation for his medical condition.  In his August 26, 2008 examination of plaintiff, Dr. Khatri recommended a 90-day no work restriction, prison tennis shoes, an extra mattress, and bottom bunk, lower tier housing assignment. (SAC, doc. #83-2 at 58.)  In his objection to the Report, plaintiff state "Dr. Khatri and Dr. Fraze actions mirror one another" and therefore, Dr. Khatri should not be dismissed for the same reasons plaintiff's claims against Dr. Fraze should not be dismissed.  Objection at 14.

As noted above, the raised toilet seat claim is unexhausted and therefore, this portion of the claim is dismissed without prejudice.  As for the other portions of the claim against Dr. Khatri, plaintiff's assertion of deliberate indifference fails to meet the Eighth Amendment standard.  To the extent Dr. Khatri's medical decisions were at odds with Dr. Calvin's recommendations, the disagreement in medical opinions is insufficient to state a claim for deliberate indifference.  This is particularly so when Dr. Calvin observed that plaintiff was progressing well (SAC, doc. 83-2, 43-44, 58.) and Dr. Khatri provided an accommodation recommendation for a 90-day no work assignment, prison authority tennis shoes, and a temporary lower-tier, bottom bunk assignment.  Accordingly, plaintiff's objection is overruled

08cv1324

and Dr. Khatri will dismissed without prejudice.

### 4.    Warden Almager

Victor Almager, the Warden at CEN, is alleged to have been deliberately indifferent to plaintiff's medical needs when he allegedly upheld a prior institutional policy against extra mattresses.  The attachments to the SAC clearly indicate that plaintiff was approved for an extra mattress.

Although "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation,'" here it is clear that the policy plaintiff complains of was not being implemented by Warden Almager.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987).

 Plaintiff's bald statement that Almager knew of the mattress policy and plaintiff's situation is insufficient to establish a sufficient causal connection between Almager and the alleged constitutional violation.  Accordingly, the Court overrules plaintiff's objection and will dismiss Warden Almager from this action with prejudice because plaintiff cannot state a claim relying on a policy that was not implemented by Almager.

### 5.    Jane Doe, R.N. and G.J. Guirbino

In the SAC, plaintiff names a Jane Doe defendant, a registered nurse who was the specialty appointment scheduler at CEN, and former CEN Warden  G.J. Guirbino.  But as plaintiff acknowledges in his objection to the Report, he has not served these defendants and they may properly be dismissed without prejudice.

### E.    State Law Claims

Having failed to successfully allege a federal claim, with only state law claims remaining, this Court ceases to have subject matter jurisdiction over the suit.  The Court declines to exercise its supplemental jurisdiction over the remaining state law causes of action and they are dismissed without prejudice.

08cv1324

**4.      Motion for Leave to File a Supplemental Complaint**

Plaintiff sought leave to file a supplemental complaint.  In relying on then-current case law, the magistrate judge recommended that the motion be denied because the new claims had not been administratively exhausted.  After the filing of the Report, the Ninth Circuit issued its decision in *Rhodes v. Robinson*, 2010 WL 3489777 (9th Cir. 2010).  With respect to the PLRA's exhaustion requirement, the court of appeals held that it is satisfied so long as the plaintiff exhausted his administrative remedies with respect to the new claims asserted in his supplemental complaint prior to tendering that complaint to the court for filing.

Rather than consider the current recommendation, the Court refers plaintiff's motion for leave to file a supplemental complaint to the magistrate judge to be considered in light of *Rhodes v. Robinson*.

**5.      Conclusion**

Based on the foregoing, **IT IS ORDERED:**

1.      **ADOPTING** in part the Report and Recommendation with respect to defendants' motion to dismiss the SAC for failure to exhaust and motion to dismiss for failure to state a claim;

2.      **OVERRULING** plaintiff's objections to the report and recommendation in their entirety;

3.      **GRANTING** defendants' motion to dismiss unexhausted claim without prejudice;

4.      **GRANTING** defendants' motion to dismiss the SAC with prejudice as to Warden Almager, Dr. Barreras, Dr. Dugan and Dr. Hawthorne, and without prejudice as to defendants Dr. Fraze, Dr. Khatri, G.J. Guirbino and Jane Doe, R.N.;

5.      **DENYING** plaintiff's motion for leave to file a late answer to defendants' motion to dismiss the SAC; and

/ / /

/ / /

/ / /

/ / /

08cv1324

1      6.      **REFERRING** plaintiff's motion for leave to file a supplemental complaint to the

2   magistrate judge for further consideration.

3      **IT IS SO ORDERED.**

4   DATED:  September 30, 2010

5

6                                                       M. James Lorenz
                                                        United States District Court Judge

7   COPY TO:

8   HON. WILLIAM V. GALLO
    UNITED STATES MAGISTRATE JUDGE

9

10   ALL PARTIES/COUNSEL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv1324