UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DR. DUGAN, *et al.*,<br><br>　　　　　Defendants. | Civil No. 08cv1324 L(WVG)<br><br>**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION; OVERRULING PLAINTIFF'S OBJECTIONS; DENYING MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT [doc. #89]** and **DENYING LEAVE TO FILE THIRD AMENDED COMPLAINT** |

　　　　Plaintiff, appearing *pro se*, filed a second amended complaint on November 10, 2009, alleging violation of his Eighth Amendment rights based upon accommodations to plaintiff's medical condition that were denied or delayed. The SAC named Doctors Dugan, Hawthorne, Barreras, Fraze, and Khatri; Jane Doe, R.N.; Victor Almager; and G.J. Giurbino[1] as defendants. Defendants filed a motion to dismiss the SAC for failure to exhaust administrative remedies and a motion to dismiss for failure to state a claim under the Eighth Amendment. Rather than respond to defendants' motions to dismiss, plaintiff filed a motion to file a supplemental complaint. Defendants opposed plaintiff's motion and plaintiff replied.

　　　　The case was referred to United States Magistrate Judge William V. Gallo for a report

---

[1]　　Defendants G.J. Guirbino and Jane Doe, R.N. have not been served with the complaint or any amended complaints in this action. They were therefore dismissed from this action without prejudice on September 30, 2010.

08cv1324

and recommendation ("Report") in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The magistrate judge recommended that both of defendants' motions to dismiss be granted and plaintiff's motion to file a supplemental complaint be denied. Plaintiff filed objections to the Report and defendants filed a response to plaintiff's objections.

Because of plaintiff's objections to the Report, the Court undertook a de novo review of the objected to portions of the Report. On September 30, 2010, the Court adopted the Report and Recommendation with respect to defendants' motion to dismiss the SAC for failure to exhaust and motion to dismiss for failure to state a claim with prejudice as to Warden Almager, Dr. Barreras, Dr. Dugan and Dr. Hawthorne, and without prejudice as to defendants Dr. Fraze, Dr. Khatri, G.J. Guirbino and Jane Doe, R.N.

With respect to plaintiff's motion for leave to file a supplemental complaint, the magistrate judge recommended, relying on then-current case law, the motion be denied because the new claims had not been administratively exhausted. After the filing of the Report, the Ninth Circuit issued its decision in *Rhodes v. Robinson*, 2010 WL 3489777 (9th Cir. 2010). With respect to the PLRA's exhaustion requirement, the court of appeals held that it is satisfied so long as the plaintiff exhausted his administrative remedies with respect to the new claims asserted in his supplemental complaint prior to tendering that complaint to the court for filing. Rather than considering the current recommendation, the Court referred plaintiff's motion for leave to file a supplemental complaint to the magistrate judge to be considered in light of *Rhodes*. On February 23, 2011, the magistrate judge filed a Supplemental Report recommending that plaintiff's motion to file a supplemental complaint be denied. The Report also construed plaintiff's motion as requesting leave to amend the SAC and recommended that it be denied based on futility. Plaintiff timely filed objections to the Supplemental Report and defendants have replied to plaintiff's objections.

**1. Standard of Review**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) ( *en banc*), *cert. denied*, 124 S. Ct. 238 (2003).

**2.     Background**

Plaintiff has lumbar disk disease that ultimately required surgery. His back problems include mobility impairment to his lower extremities. In the SAC, plaintiff alleged that defendants were deliberately indifferent to his medical needs in that he received inadequate medical care from various health care providers while incarcerated at both the Richard J. Donovan Correctional Facility ("Donovan") and at the Centinela State Prison ("CEN"). Specifically, plaintiff alleged that defendants failed to assign plaintiff lower tier housing in contravention of his surgeon's recommendation and failed to provide a raised toilet seat following plaintiff's back surgery.

In his proposed Supplemental Complaint, plaintiff seeks to add 15 new defendants[2] and alleges in 13 counts that these defendants failed to provide him with a single-bed cell during his recovery from back surgery in contravention of his outside treating physician's orders. In counts 14 and 15, plaintiff alleges that Nurse Gerardo and Medical Assistant Gonzales failed to timely deliver medication to him. Finally, plaintiff alleges a wrongful transfer so that he would be housed in general population where his medical accommodations could be refused.

**3.     Legal Standard**

    **A.     Legal Standard for Supplementation or to Amend the Complaint**

Under Federal Rule of Civil Procedure 15(d), the court may permit a party to supplement his complaint in order to set out "any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented*." FED. R. CIV. P. 15(d)(emphasis added)."While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and

---

[2] Defendants include Dr. J. Davenport; Dr. Levin; Dr. B. Stiller; Dr. Ball; Nurse Jane Doe; Dr. Hjrtper; Dr. Vo; Wardens Uribe, Jr. and Smalls; Dr. Fraze; Dr. John Doe; Nurse Gerardo and Medical Assistant Gonzales; and Correctional Counselors Keys and Pope.

new cause of action." *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997) (internal citations and quotation marks omitted). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Leave to file a supplemental complaint may not be granted where the supplemental complaint involves a new and distinct cause of action that should be the subject of a separate suit. *See Neely*, 130 F.3d at 402. As discussed in *Rhodes,* a plaintiff may, in an amended or supplemental pleading, add newly exhausted claims based on related conduct that occurred *after* the filing of the operative pleading complaint.

As noted in the Supplemental Report, the parties and facts plaintiff wishes to add to the operative SAC occurred prior to the filing of the SAC. The acts alleged in the proposed Supplemental Complaint occurred between February 20, 2009 and May 11, 2009; the SAC was filed on November 10, 2009. (Proposed SAC at 1. [doc. #89-3]) Rule 15(d) provides a means to add claims based on facts that did not exist when the operative complaint was filed. *Eid v Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Clearly, the acts plaintiff complains of in the proposed Supplemental Complaint occurred *before* he filed his SAC.

In objecting to the Report's finding that Rule 15(d) was not applicable under the facts of this case and that the motion should be construed as one to amend the complaint, plaintiff states:

> Plaintiff motion to file a supplemental complaint should not be construed as a motion to amend under Rule 15(a) An amended complaint deals with events that occurred before the original complaint was filed. . . . The Court cannot construe plaintiff's supplement complaint as anything other than it is labled [sic].

(Plaintiff's Objection at 5, ¶¶35, 37 and at 13, ¶98.)

Plaintiff is incorrect that it is his original complaint that is the operative complaint that should be used to consider whether his SAC should be supplemented under Rule 15(d). Once a complaint is amended, the amended complaint supersedes all previously filed complaints. *Rhodes*, 621 F.3d at 1005 (citation omitted). In this case, the operative complaint is the SAC. Because plaintiff's proposed Supplemental Complaint seeks to add claims which occurred *before* the filing of the SAC, Rule 15(d) is not applicable and plaintiff's motion for leave to file a

supplemental complaint must be denied.

Although plaintiff states he does not want the Court to construe his motion as one for leave to amend, because plaintiff is appearing *pro se*, the Court will construe plaintiff's motion as one for leave to file a third amended complaint to add allegations and the newly named defendants.

Granting leave to amend rests in the sound discretion of the district court, and should be granted freely when justice so requires. FED. R. CIV. P. 15(a); *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted). Typically, five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

A "proposed amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The Court first notes there is no objection to the magistrate judge's finding that plaintiff's proposed claims are exhausted. Plaintiff objects to the remainder of the Supplemental Report.

**4.     Discussion**

   **A.     Eighth Amendment Claim and Supervisory Liability**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition

could result in further significant injury or the "wanton infliction of unnecessary pain." *Id.* A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Claims that the prison official was negligent or even grossly negligent are insufficient to establish a constitutional violation. *Estelle*, 429 U.S. at 106.

In this case, plaintiff seeks to hold several defendants liable under Section 1983 on a theory of supervisory liability. Supervisors can only be held liable under Section 1983 for the actions of their subordinates for their own culpable action or inaction in the training, supervision, or control of subordinates, for their acquiescence in the constitutional deprivation of which a complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. *See Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). For liability to exist, the supervisor must have been personally involved in the constitutional deprivation or a sufficient causal connection must exist between the supervisor's unlawful conduct and the constitutional violation. *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). There is no "vicarious liability" under Section 1983. *See Iqbal*, 129 S. Ct. at 1948.

### B. Allegations Against Defendant Physicians

#### 1. Single-Cell Bed

Plaintiff asserts that the defendant physicians, Drs. Davenport, Levin, Shiller, Hjerper, Ball and Vo, did not follow plaintiff's outside medical physician's, Dr. Calvin, recommendation to provide plaintiff with a single-bed cell which caused plaintiff severe pain.

Viewing the allegations with extreme liberality, plaintiff has not alleged facts sufficient to show deliberate indifference on the part of any of the defendant physicians. Here, after review of plaintiff's medical records and in some instances, a physical examination of plaintiff, defendant physicians opined that plaintiff did not require housing restrictions. Their medical judgment differed from Dr. Calvin's opinion concerning plaintiff's need for a single-bed cell.

In objecting to the Report's finding, plaintiff contends that the institutional physicians were required to comply with "Dr. Calvins specific orders." . . . "Rather than allowing Plaintiff to recuperate in compliance with Dr. Calvin's directive, or recommendations the named defendants

chose instead to rely upon a medical opinion which a reasonable person would likely determine to be inferior to that of Dr. Calvin's, . . . ." (Object at 2, ¶¶ 7, 8.) Plaintiff's argument that this is the standard to finding an Eighth Amendment violation is incorrect. There is no reasonable person test with respect to differing medical opinions. A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not amount to deliberate indifference. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). In order to prevail on his claim, plaintiff must establish that the accommodations doctors chose was "medically unacceptable under the circumstances" and that they chose this course in "conscious disregard of an excessive risk to plaintiff's health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Further, in his objections, plaintiff relies on *Hamilton v. Endell*, 981 F.2d 1062, 1066-67 (9th Cir.1992) for the proposition that "if prison officials send plaintiff with special needs to outside specialists, they are obliged to carry out the specialist order." (Opp. at 2, ¶ 12.). In *Hamilton*, the Court found that a prison official's decision to force an inmate to fly in contravention of treating physician's specific orders could constitute deliberate indifference to inmate's medical needs. *Id.*, overruled in part on other grounds by *Saucier v. Katz*, 533 U.S. 194 (2001). But the defendant physicians are not prison officials who allegedly ignored the recommendation of Dr. Calvin. *See Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir.1999); *see also Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir.1989) (per curiam). Instead, the defendant physicians are medical professionals who acted in their professional capacities in determining plaintiff did not need a single-bed cell. Plaintiff's disagreement with the type and adequacy of the medical treatment that he was provided does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 107 (complaint that a doctor has been negligent in treating a medical condition does not state a valid claim under the Eighth Amendment). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

In Count 6, plaintiff alleges that Nurse Jane Doe lied to him when she told him Dr. Calvin had changed his recommendation that plaintiff be housed in a single-cell bed. Nurse Doe relied on the differing opinion of plaintiff's physicians in speaking with plaintiff and her comments

cannot amount to deliberate indifference to plaintiff's serious medical needs.

Further, plaintiff's attempt to invoke California Code of Regulations, specifically §§ 3500, 3000.5(c) and 3354, is unavailing. Section 1983 only creates a cause of action for violations of the federal "Constitution and laws." 42 U.S.C. § 1983. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir.1996); *see also Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983.")

Accordingly, plaintiff's objections with respect to Drs. Davenport, Levin, Shiller, Hjerper, Ball and Vo and Nurse Jane Doe are overruled and the claims that they violated plaintiff's Eighth Amendment rights by failing to provide plaintiff with a single-bed cell will be dismissed. Further amendment of the complaint would be futile and leave to amend will be denied.

**C.     Transfer**

In Count 2 of the proposed Supplemental Complaint, plaintiff asserts Dr. Levin initiated an "adverse transfer" from Centinela State Prison – CEN to Calipatria State Prison on February 20, 2009. He was transferred back to CEN on February 27, 2009. Plaintiff alleges that the transfer was intended to eventually send plaintiff back to CEN so that he would be housed in general population. Once there plaintiff would not be housed in a single-cell bed in contravention of Dr. Calvin's recommendation. This claim against Dr. Levin must fail because it was based upon Dr. Levin's differing opinion concerning plaintiff's need for a single-cell bed which does not rise to a constitutional violation as discussed above. Because plaintiff cannot state a claim against Dr. Levin based on his medical opinion, leave to amend will be denied.

According to plaintiff, Warden Uribe Jr. transferred plaintiff because CEN did not have the ability to accommodate plaintiff's medical needs and Warden Smalls participated in a conspiracy against plaintiff. As discussed above, for supervisory liability to attach, the supervisor must have been personally involved in the constitutional deprivation or a sufficient causal connection must exist between the supervisor's unlawful conduct and the constitutional violation. Plaintiff does not allege that either warden ordered his transfer. Instead the documents plaintiff

provides demonstrates that the decision to transfer plaintiff to Calipatria was based on the medical opinions of Drs. Levin and Ball, not the wardens. Plaintiff has failed to allege facts to support supervisory liability against Wardens Uribe Jr. and Smalls. Amendment of the complaint to add these claims would be futile.

### D. Medication Disbursement

In the proposed Supplemental Complaint, plaintiff alleges that while he was in the Treatment Center at CEN postoperatively, defendant nurse Gerardo and medical assistant Gonzales failed to timely deliver plaintiff's medication so that he could take it with his meals thereby upsetting his stomach. On three occasions in December 2008, his medication was delayed.

A temporary, minor discomfort such as alleged in the proposed Supplemental Complaint is insufficient to assert a violation of the Eighth Amendment. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992). Further, alleged delays in administering pain medication may show prison officials acted negligently, but plaintiff has not alleged facts showing that Gerardo and Gonzales acted with deliberate indifference in tending to his medical needs. *See Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

Because plaintiff cannot state a cause of action based on Gerardo and Gonzales's acts, leave to amend the SAC will be denied.

### E. Classification Committee

In Counts 12 and 13, plaintiff alleges that during a classification hearing, Correctional Counselors Keys and Pope stated that plaintiff no longer needed a single-bed cell. The counselors relied on the opinions of plaintiff's physicians. There can be no liability for such actions. Accordingly, amendment of Counts 12 and 13 would be futile and leave to amend must be denied.

**5. Conclusion**

Plaintiff's proposed claims fail to allege that the proposed defendants were deliberately indifferent to his serious medical needs. A difference of opinion between a prisoner and medical

authorities as to proper treatment does not give rise to a claim. *Franklin v. Oregon*, 662 F.2d 1337, 1355 (9th Cir.1981); *Mayfield v. Craven,* 433 F.2d 873, 874 (9th Cir.1970). Nor does an allegation by a prisoner that a physician has been merely indifferent or negligent. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).

Even assuming that plaintiff's allegations are true, he alleges facts tending to show that the doctors were at most negligent, not that they were deliberately indifferent to his serious medical needs. Plaintiff's proposed amendments are futile because they fail to state a claim upon which relief can be granted. See *Jett*, 439 F.3d at 1096 (stating that mere negligence cannot give rise to liability under the Civil Rights Act); *see also Cato*, 70 F.3d at 1106 (stating that a district court may deny a motion for leave to amend when the proposed amendments would be futile). In these circumstances, plaintiff cannot allege any set of facts in connection with a single-bed cell, medication disbursement, his one-week transfer, or classification committee decision that would give rise to a valid federal claim. Further amendment of the complaint would be futile. Additionally, plaintiff has already had an opportunity to amend his complaint twice. *See Telesaurus*, 623 F.3d at 1003 ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies.").

Based on the foregoing, **IT IS ORDERED:**

1. **ADOPTING** the Supplemental Report and Recommendation;

2. **OVERRULING** plaintiff's objections to the Supplemental Report and Recommendation in their entirety;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3. **DENYING** plaintiff's motion for leave to file a Supplemental Complaint and **DENYING** leave to file a Third Amended Complaint based on the claims and newly named defendants plaintiff provides in his proposed Supplemental Complaint.

**IT IS SO ORDERED.**

DATED: March 21, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL